### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE
### (Portland Division)

| | |
|---|---|
| MICHAEL LELAND,<br><br>Plaintiff,<br><br>– v. –<br><br>CHASE BANK USA, N.A.,<br><br>Defendant. | Civil Action No. _____<br><br>**Jury Trial Requested** |

### **COMPLAINT**

Now Comes, Plaintiff, Michael Leland ("Plaintiff"), by and through his undersigned counsel, and against Chase Bank USA, N.A. ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. The TCPA was legislated to prevent companies like Chase Bank USA, N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). <u>See Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

5. The violations described in this Complaint occurred in Maine.

## PARTIES

6. Plaintiff is a natural person residing in Cumberland County, in the town of Harrison, Maine, and is otherwise *sui juris*.

7. Defendant is a nationally chartered bank, doing business in the state of Maine. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9. Defendant placed automated calls to Plaintiff attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Plaintiff is the "called party." <u>See</u> <u>Breslow v. Wells Fargo Bank, N.A.</u>, 755 F.3d 1265 (11th Cir. 2014).

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (207) XXX-8137.

12. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (847) 426-9203, (847) 426-9209, (210) 520-0146 and (407) 732-2416.

13. Upon information and belief based on the number, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

15. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about April 19, 2018, Plaintiff called Defendant's company at phone number (210) 520-0146, spoke with Defendant's representative who identified herself as "Lisa" with "ID R302831" and told Defendant to stop calling his cellular phone.

19. During the aforementioned conversation, Plaintiff gave Defendant his full cell phone number and last four digits of social security number, in order to assist Defendant in identifying his and accessing his accounts before asking Defendant to stop calling his cellular telephone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on April 19, 2018.

21. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone after April 19, 2018.

22. Defendant continued to place calls to Plaintiff on his cellular telephone, at least, through November 2018.

23. Despite Plaintiff's request that Defendant cease placing automated calls to Plaintiff, Defendant continued to place at least one hundred seventy-three (173) telephone calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

24. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

27. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Michael Leland, respectfully requests judgment be entered against Defendant, Chase Bank USA, N.A., as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred seventy-three (173) for a total of eighty-six thousand five hundred dollars ($86,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(3)(C)

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

30. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Michael Leland, respectfully requests judgment be entered against Defendant, Chase Bank USA, N.A., as follows:

    a.    Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: one hundred seventy-three (173) for a total of two hundred fifty-nine thousand five hundred dollars ($259,500.00);

b.Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c.Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: January 30, 2019.

RESPECTFULLY SUBMITTED,

By: */s/ Daniel Ruggiero*
DANIEL RUGGIERO
Attorney for Plaintiff, Michael Leland
**The Law Office of Daniel Ruggiero**
Daniel Goldsmith Ruggiero
275 Grove St., Suite 2-400
Newton, MA, 02466
P: (339) 237-0343
E: DRuggerioEsq@gmail.com

By:*/s/ Carlos C. Alsina-Batista*
Carlos C. Alsina-Batista
Attorney for Plaintiff, Michael Leland
**The Law Offices of Jeffrey Lohman, P.C.**
4740 Green River Rd., Ste 310
Corona, CA 92880
T: (657) 363-3331
F: (657) 246-1311
*Pro Hac Vice* petition to follow